The husband appeals from a judgment of divorce nisi, specifically challenging the division of marital assets.[2] Because we conclude that the judge's findings gave undue weight to the husband's "bad" conduct such that the grossly unequal asset allocation[3] "falls outside the range of reasonable alternatives," we vacate so much of the judgment that divides the marital assets and remand the matter for reconsideration thereof consistent with this memorandum and order, but affirm the remainder of the judgment. L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
The judge's detailed subsidiary findings are not challenged on appeal. In summary, the judge found that the parties' premarital cohabitation came about through the unilateral action of the husband, to which the wife acquiesced. Once married, the husband, although initially employed, thereafter essentially became voluntarily underemployed leaving the wife to carry the economic burden of the household. His behavior to the wife was controlling and emotionally abusive. He did not contribute to the tasks of the marital household (including cleaning and grocery shopping), and there were no childcare responsibilities because the parties had no children. Although the husband did make a financial contribution towards the purchase of a condominium, the judge found his subsequent unreasonable actions left it uninhabitable, diminishing its utility and increasing its costs to the wife. All household expenses were borne by the wife. In broad summary, the judge found that the husband contributed little to the marital enterprise, whether measured economically or otherwise, and had a significant negative effect on the wife's wellbeing.
We have long recognized that " '[c]onduct' that has harmed the marriage or the marital estate may be viewed negatively, and considered as a factor that would diminish that spouse's equitable share of marital property. However, it is conduct having an adverse impact on the marriage or the marital estate, not simply conduct that is in some other sense considered 'good' or 'bad,' that is to be weighed." Kittredge v. Kittredge, 441 Mass. 28, 38 (2004). Even when one spouse's conduct during the marriage renders the marital estate less valuable, that is "but one circumstance, not necessarily determinative in itself, for a judge to consider in equitably distributing property pursuant to [G. L. c. 208,] § 34." Ibid.
"Negative conduct, to be more than a featherweight factor, must either be economically detrimental to the welfare of the partnership, such as by undermining the family's economic stability through disposal or wasting of marital assets, such as through unlawful or fraudulent acts, or be so egregious as to impair the ability of one spouse to function in the future."
Alperin & Chase, Summary of Basic Law § 8:123, at 160 (5th ed. 2016) (footnotes omitted). Thus, for example, where a spouse's illegal activity (gambling) did not affect the household's standard of living during the marriage or diminish the marital estate to the point where that standard could not be maintained after the marriage, the losses from that activity have not been weighed entirely against the offending spouse. Kittredge, supra at 42. By the same token, where a spouse's criminal conduct (seeking to have the other killed) has required the other to shoulder total responsibility for their children's care and for maintaining their home and also has a permanent effect on the other's ability to focus on life and work, that conduct can be given large weight in the asset allocation because of its negative ongoing economic effect. Wolcott v. Wolcott, 78 Mass. App. Ct. 539, 544-545 (2011).
Here, the judge's findings tied the husband's "bad" behavior to its financial consequences in several ways. First, she found that the husband's conduct diminished the value of the condominium and increased the wife's expenses with respect to it. Second, she found that the husband's voluntary underemployment deprived the household of a potential source of income while providing nothing significant in exchange. Third, she found that the husband's abusive and controlling behavior emotionally interfered with the wife's workday. We discern no abuse of discretion in the judge's determination that the husband's conduct in these respects warranted an unequal division of marital assets and, indeed, one of significant disproportion.
However, we are unpersuaded that those findings supported the extreme allocation arrived at here. As the judge found, the wife's earnings during the marriage increased "dramatically" during the marriage, as did her accumulation and retention of assets (in the form of stock, savings, a severance package, a signing bonus, and stock options). The judge does not find that the husband's bad behavior affected the wife's earnings capacity during the marriage, her retention and accumulation of earnings/compensation during the marriage, or her future earnings capacity. The judge nonetheless allocated those assets entirely to the wife. "We have always emphasized that a court should not apply 'the discarded idea that the wage earner is entitled to most if not all of the benefits of the paid work.' " Adams v. Adams, 459 Mass. 361, 391 (2011) (quotation omitted).
For these reasons, we vacate so much of the judgment that divides the marital assets and remand the matter for reconsideration thereof pursuant to our memorandum and order. Our conclusion in this regard should not be understood to mean that a significantly unequal division is outside the range of acceptable alternatives on remand. In all other respects the judgment is affirmed.[4]
So ordered.
vacated in part and remanded; affirmed in part.

The husband also makes two further arguments. First, he argues that the judge should have required the wife to maintain health insurance for him even after her current COBRA benefits expire, claiming the judge failed to consider G. L. c. 175, § 110I. But that statute has no application here. Second, he argues that the judge erred as a matter of law when she declined to extend the "length of the marriage" to include the parties' premarriage period of cohabitation. See G. L. c. 208, § 48. Contrary to the husband's argument, the matter was one of discretion for the judge based on consideration of the factors laid out in G. L. c. 208, § 49(d )(1). See Duff-Kareores v. Kareores, 474 Mass. 528, 535 (2016). The judge's detailed findings regarding this issue show that she carefully considered the statutory factors, and the husband does not argue (let alone show) that they are clearly erroneous. We discern no abuse of discretion.

Because the judge did not specifically identify the ratio of the division, we asked for postargument submissions from the parties. The husband's calculation, as stated in his brief, is that the division of assets resulted in a ninety-six percent to four percent split; the wife's calculation is a ninety-one percent to nine percent split. The difference between these figures is immaterial for our purposes; the important point is that the overall disposition is far outside the customary range.

The wife's request for appellate attorney's fees is denied.